IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Slep-Tone Entertainment Corporation, | ) | C/A No.  3:13-2071-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jeremy Kelly d/b/a DJ Slinky d/b/a Kelly | ) | |
| Entertainment; William Jackson d/b/a Laser | ) | **REPORT AND RECOMMENDATION** |
| Chicken Karaoke; Linda Y. Love d/b/a Red | ) | |
| Eyed Karaoke; Johnny D. Gentry d/b/a Ride Te | ) | |
| Tide Entertainment; Linda Carr d/b/a Linda's | ) | |
| Carraoke; Shelly Omeara d/b/a DJ Shelly; | ) | |
| Ozzie's Country Island, LLC; Shooter's Grill | ) | |
| & Pub, Inc.; Delaney's Music Pub & Eatery, | ) | |
| Inc.; and Sato Enterprises, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") filed this action alleging claims

of trademark infringement, 15 U.S.C. § 1114; unfair competition, 15 U.S.C. § 1125; and violation

of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-20, et seq.  This matter

is before the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2) DSC for a Report and Recommendation on motions to dismiss filed by Defendants

Linda Y. Love d/b/a Red Eyed Karaoke, Shelly Omeara d/b/a DJ Shelly (who is self-represented),

and Shooter's Grill & Pub, Inc.[1]  (See ECF Nos. 36, 46, & 47.)  Slep-Tone has responded in

opposition (ECF Nos. 59, 64, & 65) and Defendant Shooter's Grill & Pub, Inc. replied (ECF No. 61).

---

[1] It appears that Defendant Johnny D. Gentry d/b/a Ride Te Tide Entertainment and
Defendant Ozzie's Country Island, LLC have not been served with process in accordance with Rule
4 of the Federal Rules of Civil Procedure.  (See ECF No. 23.)  Accordingly, the court recommends
that these defendants be dismissed from this action without prejudice.  See Fed. R. Civ. P. 4(m).



Also before the court are Slep-Tone's motions to voluntarily dismiss its claims against Defendants William Jackson d/b/a Laser Chicken Karaoke; Delaney's Music Pub & Eatery, Inc.; Sato Enterprises, Inc.; and Linda Carr d/b/a Linda's Carraoke, to which no responses were filed. (ECF Nos. 113 & 115.)  Finally, several motions to sever and discovery motions are pending before the court and are addressed by separate Order.

Having reviewed the parties' submissions and the applicable law, the court finds that the motions to dismiss filed by Defendants Love, Omeara, and Shooter's Grill & Pub, Inc. should be denied and Slep-Tone's motions for voluntary dismissal should be granted.

## BACKGROUND

Slep-Tone alleges that it is the manufacturer and distributor of karaoke accompaniment tracks sold under the name "Sound Choice."  Slep-Tone alleges that the defendants are all engaged in the business of providing karaoke entertainment or operating establishments that provide karaoke entertainment in South Carolina.  Slep-Tone alleges that the defendants are in possession of and have used unauthorized media-shifted and format-shifted copies of karaoke accompaniment tracks which have been marked falsely with Slep-Tone's federally registered trademarks.  Slep-Tone alleges that the defendants display Slep-Tone's registered trademarks to their customers or potential customers for purposes of advertising to their customers the quality and superiority that is associated with Slep-Tone products and to attract more customers as well as retain loyal customers.  In addition to displaying the marks for advertisement purposes, Slep-Tone contends that many, if not all, of the defendants advertise that they use SOUND CHOICE® products by identifying SOUND CHOICE® as the manufacturer of tracks listed in song lists and other publications.  Slep-Tone's Complaint includes descriptions of the royalties paid, production techniques, its damages, and its trademarks.



Finally, Slep-Tone describes its investigations and observations within the past year of each defendant's actions that purportedly support its claims.

## DISCUSSION

**A.    Slep-Tone's Motions for Voluntary Dismissal**

Slep-Tone has moved to voluntarily dismiss Defendants William Jackson d/b/a Laser Chicken Karaoke; Delaney's Music Pub & Eatery, Inc.; Sato Enterprises, Inc.; and Linda Carr d/b/a Linda's Carraoke.  (ECF Nos. 113 & 115.)  Having reviewed these motions and observing that no defendant has filed any opposition, the courts finds that these motions should be granted.  <u>See</u> Fed. R. Civ. P. 41(a)(2).

**B.    Motions to Dismiss filed by Defendants Linda Y. Love d/b/a Red Eyed Karaoke and Shooter's Grill & Pub, Inc.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. <u>Id.</u>  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into



a motion for summary judgment.  E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011).  Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.' "  Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

As stated above, Slep-Tone filed this action alleging claims of trademark infringement, 15 U.S.C. § 1114; unfair competition, 15 U.S.C. § 1125; and violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-20, et seq.  Defendant Shooter's Grill argues that this matter should be dismissed because (1) Slep-Tone's claims are based on trademark law, but the alleged wrongs and the desired relief are more properly the subject matter of copyright law; (2) Slep-Tone has failed to sufficiently state facts showing trademark use or a likelihood of confusion against Shooter's Grill; and (3) Slep-Tone has failed to provide requisite statutory notice of the registered trademarks and service marks and has failed to allege that its unregistered trade dress is used by Slep-Tone to designate the source of services.  Defendant Linda Y. Love argues that this matter should be dismissed because Slep-Tone's Complaint contains only unsupported, general, and conclusory allegations and fails to include any factual allegations against Defendant Love.

To establish trademark infringement, and similarly unfair competition, under the Lanham Act, a plaintiff must show: "(1) that it owns a valid mark; (2) that the defendant used the mark 'in commerce' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (4) that the defendant's use of the mark is likely to confuse consumers."  Rosetta



Stone Ltd. v. Google, Inc., 676 F.3d 144, 152 (4th Cir. 2012) (trademark infringement); see also People for the Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 364 (4th Cir. 2001) (trademark infringement & unfair competition). The South Carolina Unfair Trade Practices Act provides: "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." S.C. Code Ann. § 39-5-20(a). "To be actionable under the [South Carolina Unfair Trade Practices Act], the unfair or deceptive act or practice must have an impact upon the public interest. Unfair or deceptive acts or practices have an impact upon the public interest if the acts or practices have the potential for repetition." Global Protection Corp. v. Halbersberg, 503 S.E.2d 483, 487 (S.C. Ct. App. 1998) (internal quotations marks and citation omitted).

As pointed out by Defendant Shooter's Grill, Slep-Tone has filed several similar suits across the country against multiple defendants. However, the court observes that many of the defendants in those cases appear to have sought dismissal of the Lanham Act claims in those cases for the same or similar reasons as those raised in these motions, and the other courts have denied these motions. See, e.g., Slep-Tone Entm't Corp. v. Coyne, Case No. 13 C 2298, 2014 WL 1848735 (N.D. Ill. May 8, 2014); Slep-Tone Entm't Corp. v. Elwood Enters., Inc., Case No. 13 C 7346, 2014 WL 1612891 (N.D. Ill. Apr. 21, 2014); Slep-Tone Entm't Corp. v. Roberto, Case No. 12-cv-5750, 2013 WL 5748896 (N.D. Ill. Oct. 22, 2013); Slep-Tone Entm't Corp. v. Shenanigans Lounge, No. 6:12-CV-1236-TC, 2013 WL 1768444 (Feb. 22, 2013) (Report and Recommendation adopted by 2013 WL 1767727 (D. Or. Apr 20, 2013); Slep-Tone Entm't Corp. v. Buckmueller, C/A No. 11-4636 (JLL), 2012 WL 818404 (D.N.J. Mar. 8, 2012); Slep-Tone Entm't Corp. v. Keats Kaoroke, No. 11 Civ. 4657(PKC), 2011 WL 6057979 (S.D.N.Y. Dec. 2, 2011); Slep-Tone Entm't Corp. v.

Mainville, No. 3:11-cv-00122, 2011 WL 4713230 (W.D.N.C. Oct. 6, 2011).  Moreover, contrary to Defendant Shooter's Grill argument, Slep-Tone specifically alleges that it consistently displayed the symbol ® "with its marks as used" as required by 15 U.S.C. § 1111.  (Compl. ¶ 59.)  Upon review of the Complaint in this matter, and as articulated by the other courts addressing these issues, the court finds that the Complaint in this matter when read as a whole contains sufficient factual matter to state a claim to relief that is plausible on its face.  See Iqbal, 556 U.S. at 678.  Therefore, these motions should be denied.

**C.   Motion to Dismiss filed by Defendant Shelly Omeara d/b/a DJ Shelly**

Finally, Defendant Shelly Omeara appears to seek dismissal of this action based on Rule 20 of the Federal Rules of Civil Procedure, which addresses permissive joinder of parties.  However, "[m]isjoinder of parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21.  Therefore, Defendant Omeara's motion to dismiss should be denied.  To the extent that Defendant Omeara seeks severance based on allegations of misjoinder, the court addresses that issue by separate order issued contemporaneously herewith.

## RECOMMENDATION

Based on the foregoing, the recommends that the motions to dismiss filed by Defendants Linda Y. Love d/b/a Red Eyed Karaoke, Shelly Omeara d/b/a DJ Shelly, and Shooter's Grill & Pub, Inc. (ECF Nos. 36, 46, & 47) be denied.

July 31, 2014
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

Page 6 of  7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).